**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

CLINTON KEY,

      Plaintiff,

v.

METRO POLICE DEPARTMENT OF
DAVIDSON COUNTY *et al.*,

      Defendant.

)
)
)
)
)    No. 3:14-cv-02002
)
)    Chief Judge Sharp
)
)
)

## ORDER

Plaintiff Clinton Key is a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. The plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is pending. In addition, his complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

    **A.    Application to Proceed as a Pauper**

Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under 28 U.S.C. § 1915(b) of the PLRA, the plaintiff nonetheless remains responsible for paying the full filing fee. Accordingly, the plaintiff is hereby **ASSESSED** the $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Davidson County Sheriff's Office – Criminal Justice Center to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

### B.     Initial Review of the Complaint

The complaint in this action, broadly construed, asserts claims under 42 U.S.C. § 1983 and state law against defendants the Metropolitan Government of Nashville and Davidson County ("Metro"), the Metro Police Department; Detective Christopher R. Cote and Officer Carlos M. Urrutia, both with the Metro Police Department; defense attorneys Mark Kovach and Jennifer Hall; the State of Tennessee; and the General Sessions Court for Davidson County.

For purposes of the initial review required by the PLRA, for the reasons explained in the accompanying memorandum opinion, the Court finds that the complaint fails to state a claim under 42 U.S.C. § 1983 for which relief may be granted against defendants Mark Kovach, Jennifer Hall, the state of Tennessee, Metro, the Metro Police Department, and Officer Carlos Urrutia. The § 1983 claims against these defendants are **DISMISSED WITH PREJUDICE**. The supplemental state-law claim against Carlos Urrutia is likewise **DISMISSED WITH PREJUDICE** for failure to allege facts sufficient to state a claim for which relief may be granted.

Because the state and its agencies are immune from suit under the Eleventh Amendment, the claims against the state of Tennessee and the General Sessions Court are hereby **DISMISSED WITHOUT PREJUDICE**, for lack of subject-matter jurisdiction.

The Court declines, under 28 U.S.C. § 1367(c)(3) and (4), to exercise supplemental jurisdiction over the state-law legal malpractice claims against defendants Kovach and Hall. These claims are therefore **DISMISSED WITHOUT PREJUDICE.**

The Court further finds, however, that the complaint states a colorable claim against defendant Christopher Cote under 42 U.S.C. § 1983 for arrest without probable cause in violation of the Fourth Amendment and under state law for false arrest. While the Court expresses no opinion as to the validity of these claims, the claims against defendant Cote will, for purposes of the initial review, be permitted to proceed.

The Clerk is **INSTRUCTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for the defendant Cote. The plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 days** of the date of receipt of this order.  Upon return of the completed service packet, **PROCESS SHALL ISSUE**. The plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action, but the plaintiff may request additional time for complying with this order if necessary. He is also forewarned that his prosecution of this action will be jeopardized if he fails to keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

It is so **ORDERED**.

KEVIN H. SHARP
Chief Judge
United States District Court